NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES P. DUFFY, BEATRIZ N. DUFFY,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2015-5076

---

Appeal from the United States Court of Federal Claims in No. 1:14-cv-00288-CFL, Judge Charles F. Lettow.

---

Decided: January 8, 2016

---

JAMES P. DUFFY, BEATRIZ N. DUFFY, Walnut Creek, CA, pro se.

ROBERT JOEL BRANMAN, I, Tax Division, United States Department of Justice, Washington, DC, for appellee. Also represented by JONATHAN S. COHEN, CAROLINE D. CIRAOLO.

---

Before MOORE, O'MALLEY, and TARANTO, *Circuit Judges.*

PER CURIAM.

In 2007, James Duffy withdrew his employment-discrimination claims against his former employer, United Commercial Bank, in exchange for a settlement payment. He and his wife, Beatriz Duffy, initially treated the settlement proceeds as ordinary income on their federal tax return for the year, but they then filed amended returns seeking to treat the proceeds as a capital gain, which would be taxed at a lower rate than their ordinary income. The Internal Revenue Service rejected such capital-gain treatment. The Duffys challenged the IRS determination by bringing this action in the United States Court of Federal Claims, but that court, agreeing with the IRS, granted summary judgment against the Duffys. We affirm.

## BACKGROUND

In 1999, Mr. Duffy started his own business providing consulting on tax and accounting matters. United Commercial Bank hired him in 2004 as a consultant and later as its Tax Director and First Vice President. His responsibilities included seeing that his department complied with the accounting and financial-disclosure requirements of the Sarbanes–Oxley Act, 15 U.S.C. § 7201 *et seq.*

In 2006, Mr. Duffy told the Bank's management that he saw instances of noncompliance with the Sarbanes–Oxley Act. Soon afterwards, in November 2006, the Bank placed Mr. Duffy on administrative leave and then terminated his employment. On February 2, 2007, pursuant to 18 U.S.C. § 1514A(b), Mr. Duffy timely filed a claim against the Bank with the Department of Labor. He alleged that the Bank "terminated his employment because of his participation in [whistleblower] activity protected by the Sarbanes–Oxley Act [under 18 U.S.C. § 1514A(a)], and that [the Bank] retaliated against him to punish him for his refusal to participate in the [Bank's] unethical and illegal conduct." J.A. 84.

On October 11, 2007, Mr. Duffy and the Bank entered into a Settlement Agreement and General Release. The terms of the agreement obligated the Bank to pay $50,000 directly to Mr. Duffy and $25,000 to Mr. Duffy's attorneys on his behalf. In exchange, Mr. Duffy's termination from the Bank would become permanent, and he would immediately withdraw all of his claims against the Bank pending before the Department of Labor. Mr. Duffy stipulated that he would be solely responsible for his tax liabilities relating to his receipt of the Bank's payment and that the Bank made no representations about the tax treatment of that payment. The agreement explicitly noted that it was entered into "for the exclusive purpose of avoiding the expense and inconvenience of further litigation." J.A. 139. The agreement was reviewed and approved by an administrative law judge at the Department of Labor.

Mr. and Mrs. Duffy filed their federal income-tax return for 2007, listing the $50,000 settlement payment as "other taxable income," and they received a refund of $1,500. Coming to believe, however, that the settlement payment should not have been listed as income, the Duffys filed two amended tax returns seeking a refund of $13,049. They declared that the settlement proceeds should be treated either as compensation for physical injury (and thus excludable from income under 26 U.S.C. § 104(a)(2)) or as capital-gain income for lost goodwill of Mr. Duffy's financial consulting business (and thus taxed at a lower rate than their ordinary income, *id.* §§ 1011–1012). The IRS disallowed the request for a refund, stating that "[t]he $50,000 non-employee compensation from United Commercial Bank is taxable as originally filed." J.A. 59.

The Duffys filed suit under 28 U.S.C. § 1346(a)(1) in the Court of Federal Claims, arguing that the IRS erroneously denied their refund claim. The government moved to dismiss for failure to state a claim. The court converted the government's motion to dismiss to a motion for sum-

mary judgment, and then granted the summary-judgment motion. The court rejected the Duffys' claim that the settlement proceeds could be treated as non-taxable compensation for physical injury, and the Duffys do not appeal that conclusion. The court also determined that the settlement proceeds should not be treated as capital-gain income, reasoning that because there was no sale or exchange of business goodwill (the only possible capital asset identified by the Duffys), there could be no capital gain under 26 U.S.C. § 1222. On that basis, the court entered judgment for the government.

The Duffys appeal, challenging the conclusion that the settlement proceeds are not a capital gain. We have jurisdiction under 28 U.S.C. § 1295(a)(3). We review the grant of summary judgment de novo. *See Abrahamsen v. United States*, 228 F.3d 1360, 1362 (Fed. Cir. 2000).

## DISCUSSION

The Internal Revenue Code defines "capital gain" (whether short- or long-term) as "gain from the sale or exchange of a capital asset." 26 U.S.C. § 1222(1), (3). Thus, to claim the preferential capital-gain tax rate for a received payment, the taxpayer must show the existence of a "capital asset" and that the payment was received in a "sale or exchange" of that asset. *Comm'r of Internal Revenue v. Gillette Motor Transp., Inc.*, 364 U.S. 130, 133 (1960). Here, even if Mr. Duffy had goodwill in his consulting business that qualifies as a "capital asset," *see Schelble v. Comm'r of Internal Revenue*, 130 F.3d 1388, 1394 (10th Cir. 1997), he has not demonstrated that the settlement payment was received in a "sale or exchange" of that goodwill.

The Supreme Court has interpreted "sale" and "exchange" to require the transfer of property, either for money (or its equivalent) in the case of a "sale" or for reciprocal property in the case of an "exchange." *Comm'r of Internal Revenue v. Brown*, 380 U.S. 563, 571 (1965)

("sale"); *Helvering v. William Flaccus Oak Leather Co.*, 313 U.S. 247, 249 (1941) ("exchange"); *accord Nat'l-Standard Co. v. Comm'r of Internal Revenue*, 749 F.2d 369, 371 (6th Cir. 1984) ("[W]here one party to the transaction receives neither property nor money or its equivalent, there is no 'sale or exchange.'"). In this case, no property was transferred to United Commercial Bank. Instead, the Bank agreed to a settlement payment in exchange for Mr. Duffy abandoning his employment-discrimination claims. Mr. Duffy simply extinguished his claims, and any goodwill in his business remained with him.

Several courts have held that the sale of goodwill occurs "only when the business or a part of it, to which the goodwill attaches, is sold." *Elliott v. United States*, 431 F.2d 1149, 1154 (10th Cir. 1970); *see also Baker v. Comm'r of Internal Revenue*, 338 F.3d 789, 793 (7th Cir. 2003) ("Goodwill cannot be transferred a part [sic] from the business with which it is connected."). There was no such sale of Mr. Duffy's business, in whole or in part.

The particulars of Mr. Duffy's underlying claim and the settlement agreement reinforce the conclusion that there was no "sale or exchange" of goodwill. *See Freda v. Comm'r of Internal Revenue*, 656 F.3d 570, 577 (7th Cir. 2011) (examining the terms of the settlement agreement); *Alexander v. IRS*, 72 F.3d 938, 942 (1st Cir. 1995) (looking to the "nature and basis of the action settled"). Mr. Duffy's complaint filed with the Department of Labor makes no reference to the goodwill of his consulting business, but instead focuses on his termination as an employee for making disclosures protected by the Sarbanes–Oxley Act. And the settlement agreement nowhere mentions that any part of the proceeds from the Bank constituted compensation for harm to the goodwill of his private business. In fact, the agreement evinces that its exclusive purpose was to "avoid[] the expense and inconvenience of further litigation" on Mr. Duffy's claim under

the Sarbanes–Oxley Act, notwithstanding Mr. Duffy's allegations of fraud, which we do not here consider. Therefore, the Court of Federal Claims correctly granted summary judgment for the government.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the Court of Federal Claims.

**AFFIRMED**